# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JERMARSH ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-277 CAS |
| THE FEDERAL GOVERNMENT, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. For the following reasons, the Court will summarily dismiss this action with prejudice.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff alleges that he was injured in an altercation with correctional officers while he was detained at the St. Louis County Justice Center. He says that FBI Agent Carne Cerone investigated the incident. He contends that Agent Cerone was negligent in conducting the investigation because she reported that plaintiff did not have any injuries in his medical records. He says the correctional officers were not prosecuted as a result. Plaintiff asserts that he is bringing this action under 18 U.S.C. §§ 241 and 242. These statutes permit the United States to criminally prosecute state actors for deprivations of civil rights.

**Discussion**

The allegations in the complaint are duplicative of the allegations plaintiff brought in *Robinson v. The Federal Gov't*, 4:15-CV-1718 CAS (E.D. Mo.), which the Court dismissed pursuant to 28 U.S.C. § 1915(e). As a result, the complaint will be dismissed as duplicative. *See, e.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).[1]

In addition, the complaint is legally frivolous because to the extent plaintiff is requesting the Court to initiated federal criminal charges against defendants, it lacks the authority to do so. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1). The complaint is also legally frivolous to the extent plaintiff is seeking monetary damages under 18 U.S.C. §§ 241 and 242.

To the extent plaintiff is attempting to assert a claim under 42 U.S.C. § 1983, to state a claim under § 1983, a plaintiff must allege facts to show that: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a

---

[1]Plaintiff filed a third action based on the same facts but asserting claims under 42 U.S.C. § 1983 and the Federal Tort Claims Act in *Robinson v. The Federal Government*, No. 4:15-CV-829 CAS (E.D. Mo.). The Court dismissed the action for failure to state a claim and the Eighth Circuit Court of Appeals summarily affirmed.

person acting under color of state law. *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013). Without these elements, a claim under § 1983 fails. When a defendant is an arm or entity of the federal government, he acts under color of federal law, not under color of state law. *Schutterle v. United States*, 74 F.3d 846 (8th Cir. 1986). Therefore, the federal government cannot be sued under 42 U.S.C. § 1983. *Williams v. United States*, 396 F.3d 412 (D.C. Cir. 2005).

The Supreme Court has held that damage suits can be maintained against federal officials for violations of the Constitution. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971). A *Bivens* action is only available against federal officers, however, not the United States or federal government entities. *Hartze v. Federal Trade Comm'n*, 106 F.3d 1406, 1408 (8th Cir. 1997). The United States cannot be sued in a *Bivens* action because of sovereign immunity. *Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir. 1996). Thus, to the extent plaintiff's Complaint against the "Federal Government" should be construed as a *Bivens* action, it is barred by sovereign immunity and is also duplicative of plaintiff's claims that were dismissed in Case No. 4:15-CV-829 CAS (E.D. Mo.).

To the extent plaintiff is attempting to sue Cerone under *Bivens*,[2] the complaint is legally frivolous because the alleged acts do not rise to the level of a constitutional violation.

Finally, the Court finds that this action should be dismissed with prejudice because plaintiff has wasted judicial resources by filing repetitive cases.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

---

[2]Cerone is not named as a defendant in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

An Order of Dismissal will be filed separately.

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of March, 2016.